Randall S. Cavanaugh
KALAMARIDES & LAMBERT
711 H Street, Suite 450
Anchorage, AK 99501
P: (907) 276-2135
F: (907- 278-8514
E: randall@kalamarides.com

Attorney for Def. L. Wilson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. A06-006-2 Cr. (JWS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION FOR EARLY |
| DONALD DURAY BROWN, | ) | DISCLOSURE OF JENCKS |
| a/k/a "Donna Ray", and | ) | MATERIAL AND TIMELY |
| LONNIE LEWIS WILSON, | ) | DISCLOSURE OF BRADY/GIGLIO |
| | ) | MATERIAL |
| Defendant. | ) | |
| | ) | |

**FACTS**

Mr. Wilson is charged with conspiracy related to Mr. Brown.  Mr. Brown and his

family, in conjunction with the Hill family, are involved in transporting and trafficking

narcotics in Alaska.  Mr. Wilson informed the government that he was forced to be

involved in the conspiracy in order to work off an alleged debt.

The government has been working to bring down the Brown-Hill drug gang and was able to infiltrate them. ACS, unnamed, was able to alert the government about drugs being couriered to Anchorage.  Law enforcement stopped Mr. Wilson under the ruse of a random stop when in fact it was not.  Drugs were seized. Then the government let him go citing a "mess up" in order to allay the situation so the investigation could continue.

During a review of the cds provided, there was a mention of a shooting involving Little Jay at the Dimond Mall that is that may have been drug related. Also CS is supposed to have sold drugs to an unnamed person in Seward and needed to pay off Mr. Brown. Mr. Brown was willing to go to Seward to collect his debt.  During one conversation Mr. Brown, if confronted, stated he would go "wild wild west" if need be. Which indicated that he would engage in a shoot-out if necessary.

Counsel will need time to verify the violence of the Brown-Hill drug gangs, thus earlier disclosure of the materials is necessary.  Counsel should note he did not receive a copy of the pictures from the airport seizure until March 17, 2006.

## LAW

Early disclosure of Brady/Giglio and Jencks should be a matter of routine practice the government in order to insure that a defendant has an adequate opportunity to prepare his or her defense.  See The American Bar Association Standards for Criminal Justice, Section 11-2.2 (The Prosecution Function) (1980).  The government has indicated that its

USA v. Donald D. Brown and Lonnie L Wilson
Case No. A06-006-2 Cr. (JWS)
Page 2
F:\Cases\Wilson-Lonnie\disc-jenks material memo.wpd

position is that <u>Jencks</u> and witness specific <u>Brady/Giglio</u> information (i.e., criminal

records or other impeachment material) will be made available on the first day of trial (or

at any hearing at which the witness testifies).[1]  However, the government's contemplated

disclosure schedule provides the defendants with no meaningful relief because it will not

provide sufficient opportunity for counsel to investigate the disclosed information.  At this

point the government has not provide the legal name of the confidential informant.  It has

been stated that the informant has been working off a "state charge".  No other

information  has been provided.

    Investigation and preparation for trial is truly a daunting task, particularly given

the fact that all defense counsel have significant responsibilities in other cases.  In order

for the defense to be prepared, all <u>Brady/Giglio</u> material should be disclosed immediately,

and all <u>Jencks</u> material should be disclosed no later than two months before trial.

    In this case, there is no secret about the identity of many of the government's

witnesses, and there are no safety considerations which would support a government

request for late disclosure of <u>Jencks</u>.  Rather, the only reason for late disclosure in this

---

[1]In a letter dated August 15, 2001 (copy attached) AUSA _____ confirmed that "the government's position that witness-specific <u>Giglio</u> material will not be produced until trial (or any hearing at which the witness testified). <u>Brady</u> material (other than to the extent it is merely impeachment...) will be produced as promptly as possible after it is discovered."  As noted below, the government's distinction between "impeachment" materials and other forms of <u>Brady</u> information is a false one.  And, it is these "impeachment" materials that the defense seeks in this motion.

USA v. Donald D. Brown and Lonnie L Wilson
Case No. A06-006-2 Cr. (JWS)
Page 3
F:\Cases\Wilson-Lonnie\disc-jenks material memo.wpd

case is to provide the government with a strategic advantage, even beyond the advantage

that it has gained by having investigated this case for approximately a year or more before

deciding to seek an indictment.

## I.      EARLY DISCLOSURE OF *JENCKS* MATERIAL

Jencks Act material should be provided to the defense so as to furnish the

defendants and defense counsel with sufficient time to examine and utilize this material

in a meaningful manner before and during trial.  United States v. Holmes, 722 F.2d 37,

40 (4th Cir. 1983).  What that means in terms of timing depends on the specific facts and

circumstances of the case.  It is clear, however, that the Court, pursuant to the Fifth and

Sixth Amendments to the U.S. Constitution, Rule 2 of the Federal Rules of Criminal

Procedure and its inherent supervisory powers, has the authority to override the timing

provisions set forth in the Act and in Rule 26.2 See united States v. Snell, 899 F. Supp.

17, 24 (D. Mass. 1995) ("nothing in the statute[] pre-empts the court's ability, consistent

with its obligations over case management, to order earlier disclosure than required by the

Act.").  Indeed, Rule 26.2, unlike its predecessor the Jencks Act, contains no language

explicitly precluding the disclosure of witness statements prior to trial.  Compare Fed. R.

Crim. P. 26.2 with 18 U.S.C. Sec. 3500(a).

USA v. Donald D. Brown and Lonnie L Wilson
Case No. A06-006-2 Cr. (JWS)
Page 4
F:\Cases\Wilson-Lonnie\disc-jenks material.memo.wpd

The Rule also provides that the court may make an accommodation, upon request by accused's counsel, so that counsel is provided adequate time to make use of Jencks materials. Fed. R. Crim. P. 26.2(d). That sections states:

> Upon delivery of the statement to the moving party, the court, upon application of that party, may recess proceedings in the trial from the examination of such statement and for preparation for its use in the trial.

The prosecution should disclose Jencks material to defense counsel as soon as practicable following the defense request for disclosure because it will not only assist the defendant in achieving a fair trial, but also serve the public interest in expediting the fair resolution of criminal cases. See ABA Standards for Criminal Justice, Sec. 11-2.2; see, e.g., United States v. Tarantino, 846 F.2d 1384, 1415 n.12(D.C. Cir.), cert. denied, 488 U.S. 840 (1988); United States v. Hinton, 631 F.2d 769, 782 (D.C. Cir. 1980); United States v. Poindexter, 727 F.Supp. 1470, 1484-85 (D.D.C. 1989).

In United States v. Hinton, the District of Columbia Circuit recognized the potential impact of late Jencks disclosure upon the defendant's Sixth Amendment rights. United States v. Hinton, 631 F.2d 769, 782 (D.C. Cir. 1980). There, during a suppression hearing, defense counsel was provided with "voluminous Jencks material" in the form of FBI 302s. Id. at 781. The Circuit Court held that "in the rush and confusion" of the hearing, counsel failed to recognize "the critical importance of the 302's" and, as a result,

USA v. Donald D. Brown and Lonnie L Wilson
Case No. A06-006-2 Cr. (JWS)
Page 5
F:\Cases\Wilson-Lonnie\disc-jenks material.memo.wpd

the appellant was deprived of her constitutional right to the "informed, professional

deliberation of counsel." Id. at 782.

Here, in order to accomplish even a rudimentary investigation so as to begin to be

able to provide effective assistance to the defendants, the defense will require obtaining

the Jencks material well before the jury is sworn.  See United States v. Holmes, 722 F.2d

37, 41 (4th Cir. 1983) (Noting that providing materials one day before trial began did not

"afford[] a reasonable opportunity to examine and digest" the documents.)  Given that the

government has estimated that is case alone will last a week.  The defense may present a

case.  The recesses which will be required by defense counsel will substantially delay what

promises to be an already protracted proceeding.  In addition to the obvious adverse

impact on the court's calendar, such delays will unfairly prejudice the defendants' Fifth

and Sixth Amendment rights because they and their counsel will be viewed by the jury as

responsible for the delays and for the overall length of the trial.

The remedy is obvious.  For as the Fourth Circuit noted, it is not uncommon,

particularly "in cases where there are many statements or where the bulk of witness

statements is large," for the government to agree or for the court to order early disclosure

of Jencks material." Holmes, 722 F.2d at 40.

USA v. Donald D. Brown and Lonnie L Wilson
Case No. A06-006-2 Cr. (JWS)
Page 6
F:\Cases\Wilson-Lonnie\disc-jenks material.memo.wpd

## II.    TIMELY DISCLOSURE OF *BRADY/GIGLIO* MATERIAL

Unlike our request for <u>early</u> disclosure of <u>Jencks</u> material, this request is merely for

<u>timely</u> disclosures of <u>Brady/Giglio</u> material.  This material is immediately discoverable

under both Fed. R. Crim. P. 16(a)(1)(C) (information which is "material tot he preparation

of the defendant's defense") and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  In <u>Stricker v.</u>

<u>Greene</u>, 527 U.S;. 263 (1999), the Court emphasized that <u>Brady</u> material includes

"impeachment evidence as well as exculpatory evidence." <u>Id.</u> at 280 (<u>citing United</u>

<u>States v. Bagley,</u> 473 U.S. 667, 676 (1985)).

The government will undoubtedly take the position that witness statements are

exempt from disclosure by virtue of the <u>Jencks</u> Act; however, it is clear that the fact that

material may be <u>Jencks</u> does not insulate it from disclosure if the material is also

producible as <u>Brady/Giglio</u>.  <u>United States v. Tarantino,</u> 846 F.2d 1384, 1414 n.11 (D.C.

Cir.) <u>cert. denied</u>, 488 U.S. 840 (1988); <u>United States v. Recognition Equipment, Inc</u>., 711

F.Supp. 1, 14 (D.D.C. 1989) (holding that the "government is not permitted to refuse to

disclose <u>Brady</u> material merely because it is also <u>Jencks</u> material"); <u>United States v.</u>

<u>Poindexter,</u> 727 F.Supp. 14780, 1485 (D.D.C. 1989) (noting that "brady obligations are

not modified merely because they happen to arise in the context of witness statements");

<u>United States v. Snell,</u> 899 F.Supp. 17, 21 (D. Mass. 1995) (holding that <u>Brady</u>

obligations, which are constitutional in origin, trump the protections against disclosure set

USA v. Donald D. Brown and Lonnie L Wilson
Case No. A06-006-2 Cr. (JWS)
Page 7
F:\Cases\Wilson-Lonnie\disc-jenks material.memo.wpd

forth in the Jencks Act, which are statutory in origin).  As the Supreme Court noted in

Strickler, "[o]ur cases make clear that Brady's disclosure requirements extend to materials

that, whatever their other characteristics may be used to impeach a witness."  Strickler,

527 U.S. at 282 n.21 (emphasis added, citation omitted).

With regard to Brady material, such information is to be turned over "at such time

as to allow the defense to use the favorable material effectively in the preparation and

presentation of its case....."  United States v. Pollack,534 F.2d 964, 973 (D.C. Cir.) cert.

denied, 429 U.S. 924 (1976); see United States v. Starusko, 729 F.2D 256, 261 (3d Cir.

1984) (nothing that Brady information which will require defense investigation or more

extensive defense preparation should be disclosed at an early stage of the case); see, e.g.,

Poindexter, 727 F.Supp. at 1485 (nothing the government's obligation to "immediately"

produce to the defendant any exculpatory evidence, even if that evidence is contained in

its Jencks materials); Recognition Equipment, Inc., 711 F.Supp. at 14 (ordering immediate

disclosure of exculpatory and impeachment evidence).  Counsel may end up needing to

obtain police reports related to violence that are in the possession of the State Trooper and

Municipal Police force.

The government's only possible basis for resisting both early disclosure of Jencks

and timely disclosure of Brady/Giglio is to claim that such disclosure will pose a threat

to the government's witnesses.  There is no basis for such an assertion in this case. Any

USA v. Donald D. Brown and Lonnie L Wilson
Case No. A06-006-2 Cr. (JWS)
Page 8
F:\Cases\Wilson-Lonnie\disc-jenks material.memo.wpd

government "speculation" about potential threats to witnesses is far outweighed by the defendants' right to a fair trial. See Pollack, 534 F.2d at 974 (Noting that courts should balance in each case "the potential dangers of early disclosure against the need that Brady purports to serve to avoiding wrongful convictions," and that "early disclosure should be required where the 'dangers' are speculative and where early disclosure is necessary....for a fair trial.") Here, none of the defense counsel is aware of any potential risk posed by the disclosure of this information, other than the risk that the defense will have an opportunity to investigate these witnesses and conduct a more thorough cross-examination. To the extent that the government maintains that any threat exists, the government should be required to demonstrate on a case-by-case basis the threat to a particular witness before the court issues a blanket order with regard to every witness.

Accordingly, in order to afford the defendants a meaningful opportunity to contest the charges against them by confronting their accusers with the effective assistance of counsel in a fashion which will not jeopardize their standing before the jury, the defendants request that the government be ordered to disclose all Brady/Giglio material to defense counsel immediately, and all Jencks material on or before March 31, 2006.

USA v. Donald D. Brown and Lonnie L Wilson
Case No. A06-006-2 Cr. (JWS)
Page 9
F:\Cases\Wilson-Lonnie\disc-jenks material.memo.wpd

DATED this 28th day of March, 2006, at Anchorage, Alaska.

KALAMARIDES & LAMBERT
Attorneys for Lonnie L. Wilson

By:    /s/ Randall S. Cavanaugh
Randall S. Cavanaugh, ABA #8812215
KALAMARIDES & LAMBERT
711 H Street, Suite 450
Anchorage, AK 99501
P: (907) 276-2135
F: (907- 278-8514
E: randall@kalamarides.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies, pursuant to App. R. 513.5, that
the font used in the aforementioned documents was Times New
Roman 13 point.  I further certify that a true and correct copy of
the foregoing was served via **electronic mail**
this 28th day of March, 2006, on:

Frank Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513

   /s/ Randall S. Cavanaugh
     Kalamarides & Lambert

USA v. Donald D. Brown and Lonnie L Wilson
Case No. A06-006-2 Cr. (JWS)
Page 10
F:\Cases\Wilson-Lonnie\disc-jenks material.memo.wpd