DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 649320

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:06-cr-0006-02-JWS-JDR |
| | ) |
| Plaintiff, | ) |
| | ) UNITED STATES' OPPOSITION |
| vs. | ) TO DEFENDANT'S MOTION FOR |
| | ) DISCLOSURE OF EARLY JENCKS |
| LONNIE L. WILSON, | ) AND BRADY MATERIAL |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

COMES NOW the United States of America, by and through undersigned counsel, and hereby opposes the defendant's "Motion for Early Disclosure of Jencks Material and Timely Disclosure of Brady / Giglio Material," filed on March 28, 2006 at docket 29.  The United States intends to comply with its obligations

under both the Jencks Act and Brady v. Maryland. The United States is well aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny. The United States is also aware of, and will comply with, the Court's Order For Progression of a Criminal Case at docket 7, requiring production of Brady material as soon as practicable. See, e.g., United States v. Nagra, 147 F.3d 875, 881 (9th Cir. 1998) (Brady requires disclosure of material favorable information before trial); United States v. Jones, 612 F.2d 451, 455 (9th Cir. 1980) (if early production of Brady material conflicts with Jencks Act, Jencks Act controls timing of production).

The United States also acknowledges its obligation under Giglio to produce the criminal histories, immunity agreements, and any plea agreements or promises made to Government witnesses. Such information will also be turned over with any Jencks Act material. The timing of such a production has not yet been determined, though the Government does intend to produce such material in advance of trial. The Government also acknowledges its duty to conduct a Brady review of the statements of all non-testifying witnesses and will also turn over Brady material contained in such statements when the Government turns over any Jencks Act material. However, the United States objects to the defendant's request

that such material "on or before March 31, 2006." Defendant's Motion, p. 9. Indeed, such date has already passed.

## ARGUMENT

I.    <u>Only Material Information is Subject to Disclosure Under Brady</u>.

<u>Brady</u> requires the disclosure of evidence favorable to the defendant where such evidence is material to guilt or punishment. <u>Brady</u>, 373 U.S. at 87. The rule of <u>Brady</u> also extends to impeachment evidence. <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985). The disclosure of evidence affecting the credibility of a witness falls within Brady only if the reliability of the given witness may be determinative of guilt or innocence. <u>Giglio</u>, 405 U.S. at 154.

The prosecution does not have a duty to disclose all information that might affect the jury's decision. Rather, the Government is required to provide the defense with only information that meets the appropriate standard of materiality. <u>See</u> <u>United States v. Agurs</u>, 427 U.S. 97, 108-112 (1976); <u>United States v. Cadet</u>, 727 F.2d 1453, 1467 (9th Cir. 1984). Before information rises to the level of Brady material, it must meet three threshold prerequisites. It must be: (1) within the Government's possession (<u>United States v. Gatto</u>, 763 F.2d 1040 (9th Cir. 1985); <u>United States v. Friedman</u>, 593 F.2d 109, 119-120 (9th Cir. 1979)); (2)

exculpatory in itself (<u>United States v. Flores</u>, 540 F.2d 432 (9th Cir. 1976)); and (3) material to the defendant's guilt or punishment.  It is the last requirement - materiality - that is most significant in any proper Brady analysis.

The Supreme Court addressed the issue of materiality as it affects the Government's due process obligations under <u>Brady</u> in <u>Bagley</u>, 473 U.S. 667, where the Court stated:

> The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome.

<u>Id.</u> at 682.

The Ninth Circuit has repeatedly stressed that materiality is a necessary prerequisite to disclosure under Brady.  When the prosecution has knowledge of and access to potentially exculpatory <u>Brady</u> evidence, the evidence must be material.  <u>United States v. Bryan</u>, 868 F.2d 1032, 1037 (9th Cir.1989).  The requisite showing of materiality is not satisfied by conclusory allegations that the requested information is material to the preparation of the defense.  <u>United States v. Condor</u>, 423 F.2d 904, 910 (9th Cir. 1970); <u>see also</u>, <u>Cadet</u>, 727 F.2d at 1467.  Moreover, mere speculation about the existence of <u>Brady</u> material does not require

inspection of the Government's evidence.  United States v. Michaels, 796 F.2d 1112, 1116 (9th Cir. 1986 ).  Similarly a "hunch" that material evidence might be discovered in certain areas is not a sufficient showing of materiality to warrant discovery.  Flores, 540 F.2d at 427-438.  Brady also does not require the Court to make an in camera search of the Government files.  Michaels, 796 F.2d 1116; citing, United States v. Harris, 409 F.2d 77, 80-81 (4th Cir. 1969).

Accordingly, the defendant must make a factually based showing of materiality.  Id. at 437.  As the court stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980):

> In response to a request for exculpatory evidence the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

See also, Von Brandy, supra; United States v. Marshall, 532 F.2d 1279, 1285 (9th Cir. 1976) (defining materiality under previous Rule 16(b) to mean evidence that would substantially alter the quantum of proof in defendant's favor).

The foregoing authorities demonstrate that the defendant's requests under Brady must be significantly exculpatory material; each item must be likely to have a determinative impact on the guilt or punishment of the defendant.  Due process

does not require the Government to search its files for all arguably favorable information, but only for that favorable information likely to have a probable impact on the outcome of the case. This standard applies both to direct evidence and to the Government's obligation to turn over exculpatory evidence bearing upon witness credibility. As to the latter category of information, the Government's obligation is to disclose significant impeachment material - material that could be determinative to the credibility of a key Government witness. See Bagley, supra.

II.     Brady Does Not Create a General Right to Pretrial Discovery.

It is also well established that there is no general constitutional right to pretrial discovery in federal criminal cases and Brady did not establish such a right. Weatherford v. Bursey, 429 U.S. 545, 549 (1977); accord., Flores, 540 F.2d 432. Brady simply is not to be used as a discovery tool for the defense. United States v. Jones, 612 F.2d 453, 455 n.1 (9th Cir. 1980), citing Wardius v. Oregon, 412 U.S. 470, 474 (1973). Rather, Brady is a rule of fairness and obligation. U.S. v. Beasley, 576 F.2d 626 (5th Cir. 1978), cert. denied, 440 U.S. 947 (1979), citing Agurs, 427 U.S. at 107.

Accordingly, Brady does not require the Government to disclose every piece of evidence that could arguably be relevant. United State v. Von Brandy, 726 F.2d

548, 551 (9th Cir. 1984).  Rather, the Government must disclose only evidence that is both favorable and material to the defense.  Gardner, 611 F.2d at 774-75.  See also, Cadet, 727 F.2d at 1467.  With regard to general discovery obligations, the Government has and will continue to comply the requirements of Federal Rule of Criminal Procedure 16.

III.    The Government will Provide all Appropriate Brady, Giglio, and Jencks Act Witness Material Shortly before Trial.

The Government acknowledges its duty to conduct a Brady review of the statements of all non-testifying witnesses.  The Government will turn over Brady material contained in such statements at the time the Jencks Act material is turned over.  As noted above, while the timing of the production has not yet been determined, the Government does intend to produce such material in advance of trial.  The Ninth Circuit holds that although Brady material must be disclosed while it is still of substantial value to the accused, it need not be produced before trial. United States v. Manning, 56 F.3d 1188, 1198 (9th Cir. 1995).  The Government also acknowledges its obligation under Giglio to produce the criminal histories, immunity or any plea agreements or promises made to Government witnesses.  Such information will also be turned over with the Jencks Act material.

As held by the Supreme Court, "[g]enerally, the need for evidence to

impeach witnesses is insufficient to require its production in advance of trial." United States v. Nixon, 418 U.S. 683, 701 (1974). In addition, such disclosure would reveal potential witnesses, which may or may not turn out to be the witnesses who testify. This effective pre-trial disclosure of witnesses is simply not required in a non-capital case. United States v. Dischner, 960 F.2d 870, 890 (9th Cir. 1992).

The Jencks Act, 18 U.S.C. § 3500, unequivocally states that the defense is not entitled to a government witness's prior statements until after the witness has testified on direct examination. After a prosecution witness testifies, the Jencks Act requires the government to produce any statements made by the witness in its possession that relate to the subject matter of the trial testimony. United States v. Kerr, 981 F.2d 1050, 1052 (9th Cir. 1992); See also, United States v. Pisello, 877 F.2d 762, 768 (9th Cir. 1989).

The court may not compel disclosure of such statements before trial. United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). This policy is also stated in Fed. R. Crim. P. 26.2. The substance of the Jencks Act is essentially incorporated into this rule. Rule 26.2 does not in any way alter the delivery schedule of the statements to either party. See, United States v. Litman, 547 F.Supp. 645, 652

(W.D. Pa. 1982), aff'd, 661 F.2d 17 (3rd Cir. 1982).

Moreover, it is clear that where the defense seeks material that qualifies as both Jencks Act and <u>Brady</u> material, the Jencks Act standards control.  <u>United States v. Jones</u>, 612 F.2d 453 (9th Cir. 1979).  The Ninth Circuit Court of Appeals has held that Brady exists as an independent foundation to preserve evidence and is not intended to override the mandate of the Jencks Act.  <u>United States v. Bernard</u>, 623 F.2d 551 (9th Cir. 1979).  Efforts to override the clear mandate of the Jencks Act as to the timing of the production of statements have been systematically rejected.  <u>See United States v. Taylor</u>, 802 F.2d 1108 (9th Cir. 1986); <u>United States v. Grandmont</u>, 680 F.2d 867, 874 (1st Cir. 1982); <u>United States v. Carter</u>, 621 F.2d 238, 240 (6th Cir. 1980); <u>United States v. McMillen</u>, 489 F.2d 229 (7th Cir. 1972); <u>United States v. Campagnuolo</u>, 592 F.2d 852, 858 (5th Cir. 1979).

If any persons existed whom the Government did not intend to call and who had incriminating information about this case, the Government is under no obligation to disclose that fact, as this would fall neither within <u>Brady</u> nor within any other discovery obligation.  Such production is counter to the law of this circuit.  <u>United States v. Bryan</u>, 868 F.2d 1032, 1037 (9th Cir. 1989), <u>citing United States v. Cadet</u>, 727 F.2d 1453, 1469 (9th Cir. 1984); <u>see</u> also United States v.

Little, 753 F.2d 1420, 1440-1441 (9th Cir. 1984) (as amended February 15, 1985). Whether any such information is incriminating or exculpatory, pre-trial production is tantamount to providing a witness list, which is not required in a non-capital case. United States v. Dischner, 960 F.2d 870, 890 (9th Cir. 1992); United States v. Steele, 759 F.2d 706, 709 (9th Cir. 1985); United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980).

Information from witnesses that does not incriminate the defendant does not necessarily exculpate him. The Government is simply not required to report the status of any witness it does not intend to call at trial, or to report statements which are not exculpatory. Bryan, 868 F.2d at 1037; See also United States v. Little, 753 F.2d 1420, 1440-41 (9th Cir. 1984) (amended February 15, 1985); United States v. Sims, 808 F.Supp. 607, 615 (N.D. ILL. 1992). Couching such a request as a Brady request is of no avail. Contrary to the defendant's implicit suggestions, Brady does not require early disclosure of impeachment and exculpatory material.

IV.    The Defendant's Request

The Defendant claims that he needs time to investigate the violence of the Brown and Hill drug gangs. Apparently, this information is relevant to the defendant's duress defense. Other than the statements of the defendant himself,

which have been previously turned over, the United States has no information that would tend to support such a defense. Through discovery, counsel received 46 pages of discovery, 10 CDs containing audio recordings, 1 DVD containing video, and 1 CD containing photographs. Indeed, the CDs confirm the fact that the Browns and Hills were under investigation by the DEA, and also confirm that the defendant was part of their "drug gang." Accordingly, it appears the defendant already has the information he seeks. With regard to impeachment material of the informant, the defendant will receive such information prior to trial.

## CONCLUSION

The Government will act in accordance with its duty under Brady, Giglio, Federal Rules of Criminal Procedure 16 and 26.2, and the Jencks Act. It also will comply with the Court's Order For Progression of a Criminal Case, and disclose all Brady material as soon as practicable. Accordingly, for the reasons stated above,

//

U.S. v. Wilson
Case No. 3:06-cr-0006-JWS-JDR

the defendant's motion for Brady material and early Jencks Act material should be denied.

RESPECTFULLY SUBMITTED this 3rd day of April, 2006 in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

**CERTIFICATE OF SERVICE**
I declare under penalty of perjury that a true
and correct copy of the foregoing was sent to
Randall Cavanaugh, Esq. on April 3, 2006, via:

(X) Electronic case filing notice

s/ Frank V. Russo