UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>vs.<br><br>LONNIE LEWIS WILSON,<br><br>           Defendant. | 3:06-cr-00006-2 JWS-JDR<br><br>**ORDER REGARDING<br>DISCLOSURE OF JENCKS &<br>BRADY MATERIAL**<br><br>(Docket Entry 29) |

Defendant Lonnie Wilson moves this court for an order requiring the government to provide early disclosure of Jencks Act and Brady/Giglio materials. Docket entry 29. The motion is opposed by the United States. Docket entry 39. For reasons stated below, the motion shall be DENIED.

Mr. Cavanaugh, attorney for Lonnie Wilson, requests that Brady/Giglio material be disclosed immediately. The United States has acknowledged its obligations under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States,

405 U.S. 150 (1972), and their progeny. The government explains in its memorandum that it will produce <u>Brady</u> material as soon as practicable with the exception of evidence used to impeach witnesses unrelated to the direct issue of guilty or innocence. The latter evidence will be produced with Jencks Act material. *See*, <u>United States v. Nixon</u>, 418 U.S. 683, 701 (1974). The <u>Brady</u> doctrine is not intended to be used as a discovery tool for the defense. <u>Wardius v. Oregon</u>, 412 U.S. 470, 474 (1973). <u>Brady</u> does not require early disclosure of impeachment and exculpatory material in the manner suggested by the defendant. The government has fairly summarized the law applicable to disclosure of material under <u>Brady</u>.

   The court may not compel such early disclosure of Jencks Act statements as requested by Wilson. *See*, <u>United State v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987). Fed.R.Crim.P. 26.2 does not alter the time schedule for delivery of Jencks statements to the defense. *See*, <u>United States v. Litman</u>, 547 F.Supp. 645, 652 (W.D. Penn. 1982), *affirmed*, 661 F.2d 17 (3d Cir. 1982). The court may not override the clear mandate of the Jencks Act as to the timing of the production of statements. *See*, <u>United States v. Taylor</u>, 802 F.2d 1108 (9th Cir. 1986). The government has stated in its opposition to the instant motion that it will provide impeachment material of the informant to defendant prior to trial. It has agreed to disclose all <u>Brady</u> material as soon as practicable and to comply with the court's

3-06-cr-00006-JWS-JDR WILSON @29 Order Re Jencks & Brady Material.wpd

2

Order @29 Re Mtn for Jencks & Brady Material
3-06-cr-00006-02-JWS-JDR   Signed by Judge John D. Roberts   04/06/2006; Page 2 of 3

order for progression of a criminal case.  Wherefore, the defendant's motion for early disclosure of Brady/Giglio and Jencks Act material is DENIED.

DATED this 6th day of April, 2006, at Anchorage, Alaska.

   /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

3-06-cr-00006-JWS-JDR WILSON @29 Order Re Jencks & Brady Material.wpd                    3

Order @29 Re Mtn for Jencks & Brady Material
3-06-cr-00006-02-JWS-JDR          Signed by Judge John D. Roberts          04/06/2006; Page 3 of 3