DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 649320

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:05-cr-0005-JWS |
| | )         3:06-cr-0006-JWS |
| Plaintiff, | ) |
| | ) |
| vs. | ) UNITED STATES' SENTENCING |
| | ) MEMORANDUM |
| BRIAN K. BROWN, JR, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**SUMMARY OF SENTENCING RECOMMENDATIONS**

**TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . **195 MONTHS**

**SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . . . . . . . **5 YEARS**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . **$200.00**

The United States Probation Office ("USPO") has prepared a presentence investigation report ("PSR") in this case. The government does not dispute the findings of the USPO.

## A.    FACTUAL BACKGROUND

On November 10, 2004, the defendant sold 166 grams of cocaine base to a individual cooperating (CS) with the Drug Enforcement Administration (DEA). The defendant was indicted for this sale in Case No. 3:05-005-cr-JWS, and agents obtained an arrest warrant for the defendant, which was placed under seal. The DEA continued the investigation and returned its attention to the defendant when the defendant started to brag to the CS about firearms. Based on this, the DEA instructed the CS to call the defendant and set up another drug transaction. On March 30, 2006, the CS met with the defendant with the understanding that the defendant was going to provide cocaine to one of the CS's customers in Seward. On the drive down, the defendant showed the CS a .40 caliber Smith and Wesson semi-automatic pistol and told the CS, in substance, that he was carrying it for protection because he did not know the customer in Seward. Investigators pulled the defendant over and recovered the loaded .40 caliber pistol and 55.7 grams of cocaine base from the vehicle; 305 grams of cocaine powder was later recovered

from the defendant's person incident to arrest.

The DEA executed a search warrant on the defendant's residence, located at 1040 W. 27th Street, apartment 410. There, agents seized numerous items of drug paraphernalia (scales, cutting agents, packaging materials), 74.4 grams of cocaine, 41 grams of cocaine base, and $13,425. In addition, investigators found two more firearms: a loaded Intratek TEK-9, 9mm semiautomatic pistol and a loaded Taurus PT92 AF 9 mm semiautomatic pistol, as well as additional ammunition. The defendant was later indicted on the charges from stemming from the March 30 incident under Case No. 3:06-cr-0006-JWS.

The defendant pled guilty to Case No. 3:05-005-cr-JWS on May 25, 2005. The defendant pled guilty to Count 3 in Case No. 3:06-006-cr-JWS on February 9, 2006.[1] The United States has agreed to dismiss Counts 1 and 2 of Case No. 3:06-006-cr-JWS at sentencing.

---

[1] In the intervening period, counsel unsuccessfully attempted to reach a disposition that would have avoided the filing of charges in Case No. 3:06-006-cr-JWS.

U.S. v. Brown
3:05-cr-0005-(JWS)
3:06-cr-0006-(JWS)              Page 3 of 6

## II. SENTENCING RECOMMENDATION

### A. Application of the United States Sentencing Guidelines

As the PSR reflects, for the narcotics charges, the defendant is correctly placed at an offense level 31 with a criminal history category III. His sentencing range is 135 - 168 months. The guideline term of imprisonment on Count 3 of Case No 3:06-cr-0006-JWS is 60 months consecutive to the term of imprisonment imposed on Count 1 of Case No. 3:05-005-cr-JWS. U.S.S.G. § 2K2.4. Accordingly, the defendant's Guideline sentencing range is 195 - 228 months.

### B. Application of 18 U.S.C. §3553(a)

Application of the factors set forth in 18 U.S.C. § 3553(a) supports the imposition of a sentence within the guideline range. This was a very serious offense, involving large quantities of drugs and firearms. Based on the evidence, the defendant played a significant role in a large scale drug trafficking ring that utilized various weapons to protect its interests. Of particular note is the fact that when the police searched the defendant's apartment, they found drugs in a baby's crib, along with a TEK-9 semi-automatic pistol under a mattress not far from the crib. Evidence found in the apartment indicated that a baby did in fact live in the apartment.

The defendant's family appears to have been involved in drug dealing and

he appears to have followed suit. Despite being 21 years old at the time of arrest, he already had been involved with one other serious crime involving bringing a gun to his middle school and threatening students and school personnel with the gun. While on probation for that crime, he used a pistol to shoot at another person "for no apparent reason." PSR, ¶ 62. The defendant also was present during a gunpoint robbery of a taxicab. PSR, ¶ 73. Nevertheless, because of his young age and serious offense conduct, the United States gave the defendant an opportunity to cooperate to attempt to reduce his significant sentencing exposure. Such proposed cooperation did not involve him inculpating his family. Nonetheless, despite this opportunity, the defendant declined to cooperate.

Based on the instant offense and past offenses, the defendant appears to have a dangerous proclivity for obtaining and using firearms. As such, he presents an extreme danger to the community. He will still be less than 40 years old after he is released from prison, and unfortunately will still present a danger. Because of the defendant's young age and because he quickly pleaded guilty to both offenses, the United States believes that a sentence at the low end of the guideline range is appropriate. However, based on the serious nature of this offense as well as his past conduct, the United States submits that a sentence below the guideline range is not appropriate. Accordingly, the United States requests a sentence of 195 months

and five years of supervised release.  A $200 special assessment is mandatory.

RESPECTFULLY SUBMITTED this  5th  day of April, 2006 in

Anchorage, Alaska.

                        DEBORAH M. SMITH
                        Acting United States Attorney

                        s/ Frank V. Russo
                        Assistant U.S. Attorney
                        Federal Building & U.S. Courthouse
                        222 West Seventh Avenue, #9, Room 253
                        Anchorage, Alaska  99513-7567
                        (907) 271-5071
                        (907) 271-1500 (fax)
                        Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to Kevin McCoy, Esq. on March 29, 2006 via:

    (X) Electronic case filing notice

Executed at Anchorage, Alaska, on April 5, 2006
s/ Frank V. Russo
Office of the U.S. Attorney

U.S. v. Brown
3:05-cr-0005-(JWS)
3:06-cr-0006-(JWS)         Page 6 of 6