DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 649320

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>     Plaintiff,              )<br>                              )<br>     v.                       )<br>                              )<br>LONNIE L. WILSON,             )<br>                              )<br>     Defendant.               )<br>_____) | Case No. 3:06-cr-0006-02-JWS-JDR<br><br>RESPONSE IN OPPOSITION TO<br>DEFENDANT'S MOTION FOR<br>DISCOVERY FILED AT DOCKET 52 |

COMES NOW the United States, by and through the United States Attorney for the District of Alaska, and hereby opposes the defendant's motion for discovery filed at docket 52.  Therein, the defendant moves for the <u>in camera</u> production of the

pre-sentence report of Brian K. Brown, a federal prisoner sentenced under case numbers 3:05-cr-005-JWS and 3:06-cr-005-JWS.  The defendant contends that a review of Brian Brown's sentence report may support the defendant's contention that the defendant is violent, and thus support the defendant's duress / coercion defense.  First of all, this motion was filed on May 2, 2006 – some five weeks after the motions deadline in this case had passed.  Regardless, the discovery sought is neither compelled by Brady v. Maryland, 373 U.S. 83 (1963) or Kyles v. Whitley, 514 U.S. 419.

In essence, the defendant attempts to support a coercion / duress defense by stating he was being threatened with violence by Brian K. Brown.  The defendant then makes a leap that if he showed that Brian Brown had a propensity to commit violent acts, his defense would be supported.  This attempt would run counter to Fed. R. Crim. Proc. 404(b): "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. . . ."  See e.g., United States v. Keiser, 57 F.3d 847, 857 (9th Cir. 1995) (holding that evidence of a witnesses' violent character was not an essential element of defendant's self-defense claim).

Moreover, aside from the inadmissibility of such evidence on its face, the United States will argue that the defendant is not entitled to present a coercion /

duress defense as a matter of law.  In order to be entitled to avail oneself of such a defense, the defendant must show by a preponderance of the evidence: (1) there was an immediate threat of death or serious bodily injury if the defendant did not participate in the commission of the crime; (2) the defendant had a well-founded fear that the threat of death or serious bodily injury would be carried out; and (3) the defendant had no reasonable opportunity to escape the threatened harm.   Ninth Circuit Pattern Jury Instructions, § 6.6.  It is not error to refuse a duress instruction in the absence of substantial evidence supporting the elements of the defense. United States v. Shapiro, 669 F.2d 593, 597 (9th Cir. 1982); United States v. Hernandez, 608 F.2d 741, 750 (9th Cir. 1979); United States v. Hearst, 563 F.2d 1331, 1337 (9th Cir. 1977).

    Here, the defendant testified at a pre-trial evidentiary hearing that he had numerous opportunities to escape the threatened harm by reporting such harm to the police, but never did so.  More significantly, the defendant never testified that either he or his family was under an immediate threat of death or serious bodily injury.  Therefore, the United States intends to move in limine to exclude evidence of a duress or coercion defense.  If granted, such ruling would effectively moot the defendant's request.

    Accordingly, the United States respectfully requests that the Court deny the

defendant's motion for discovery, or in the alternative defer such ruling to the trial judge after consideration of <u>in limine</u> motions.

RESPECTFULLY SUBMITTED this <u>16th</u> day of May, 2006 in Anchorage, Alaska.

                                      DEBORAH M. SMITH
                                      Acting United States Attorney

                                      <u>s/ Frank V. Russo</u>
                                      Assistant U.S. Attorney
                                      Federal Building & U.S. Courthouse
                                      222 West Seventh Avenue, #9, Room 253
                                      Anchorage, Alaska  99513-7567
                                      (907) 271-5071
                                      (907) 271-1500 (fax)
                                      Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to Randall Cavanaugh, Esq. on May 16, 2006, via:

    (X) Electronic case filing notice

<u>s/ Frank V. Russo</u>_____