DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 649320

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                            )<br>            Plaintiff,                     )<br>                                                            )<br>    v.                                                 )<br>                                                            )<br>LONNIE L. WILSON,                 )<br>                                                            )<br>            Defendant.                   )<br>_____)  | Case No. 3:06-cr-0006-02-JWS-JDR<br><br><br>UNITED STATES' RESPONSE<br>TO COURT'S ORDER REGARDING<br>BRADY MATERIAL |

COMES NOW the United States, by and through the United States Attorney for the District of Alaska, and hereby responds to the Court's order, made at the hearing on June 2, 2006, with a minute order filed at docket 81.  Therein, the Court

requested that the United States respond to the defendant's request for Brady material regarding any prior criminal cases of Brian K. Brown. The defendant claims that such reports may be relevant to establishing a duress / coercion defense that he was being threatened by Brian K. Brown. The United States is only in possession of a pre-sentence report investigation of Brian K. Brown. The report contains no references to the defendant. It is the United States' position that there is no Brady material contained in this report, as the defendant has not established the materiality of such information, nor is there a right under Brady for pre-trial disclosure of material that arguably could assist the defense. In the abundance of caution, the United States has filed concurrently herewith, under seal and ex parte the pre-sentence investigation report of Brian K. Brown for the Court's inspection.

### Brady Does Not Apply to Pre-Trial Discovery to Assist Trial Preparation

Brady and its progeny do not apply to sweeping pre-trial discovery requests that seek to buttress an untenable defense. This conclusion is clear from the Supreme Court's holding in Weatherford v. Bursey, 429 U.S. 545 (1977). In Weatherford, a government informant assured the defendant that he would not testify for the prosecution at trial but ultimately did so testify. Id. at 548-49. The Fourth Circuit held that the informant's false assurances violated Brady because they frustrated the defendant's ability to prepare for trial. Id. at 559. The Supreme Court

reversed, holding that "Brady is not implicated here" because a right to discovery to assist trial preparation "does not follow from [Brady's] prohibition against concealing evidence favorable to the accused ...." Id.  Thus, the Supreme Court held that Brady did not create a right to assistance in trial preparation.

    Moreover, if Brady were concerned with the defense's ability to prepare for trial, it "would necessarily encompass incriminating evidence as well as exculpatory evidence, since knowledge of the prosecutor's entire case would always be useful in planning the defense." United States v. Agurs, 427 U.S. 97, 112 n. 20 (1976). Brady, however, does not provide for disclosure of inculpatory evidence, see Bagley, 473 U.S. at 675, 105 S.Ct. 3375, and therefore should not be interpreted to concern the defense's trial preparation. See also, LeFave & Israel, Criminal Procedure, § 19.5, at p. 543 (1984).  Therefore, that government material could assist the defense's trial preparation is not relevant under Brady.  See also United States v. Sudikoff, 36 F. Supp. 2d 1196, 1200 (C. D. Calif. 1999) (although holding that government obliged to disclose all "favorable evidence" without regard to "materiality," court noted that Brady does not create a right of assistance in trial preparation or to evidence that assists trial preparation).

    Moreover, material that tends to establish Brian Brown's propensity for violence is not material because it is not admissible at trial to show that he acted in

conformity therewith toward the defendant.  See Fed. R. Evidence 404(b).  Nor is the defendant entitled to make use of a duress defense, as he testified under oath that he was not under any imminent threat, and had numerous opportunities during the course of the conspiracy to escape any threatened harm.  One cannot ignore such testimony when deciding whether information used to support a defense is "material" under Brady.  See, e.g., United States v. Starret, 55 F.3d 1525, 1555-56 (11th Cir. 1995). Starret concerned whether a defendant had a pre-trial right to discovery of Brady material.  There, one of the predicate acts of the RICO charges against the defendant was a murder in which the defendant had participated.  In his opening statement, Starret's lawyer told the jury that his client had been at the murder scene but did not himself kill the victim.  After the opening, the government disclosed a statement of a person who stated that Starret had not gone to the murder scene, but had stayed home.  Starret, claiming a Brady violation, argued: "That had his counsel known of (the) statement, he would have employed a different strategy. i.e., Starret would have told a different tale when he testified." Id. at 1556.

In rejecting this claim, the court noted that in his state trial for this murder, Starret had testified that he had driven the victim out to the scene of the murder and was present when she was shot.  The court had more to say:

> There is an even more fundamental flaw in Starret's contentions.  His contentions presuppose that in judging a Brady claim a court should

4

> pretend that the defendant did not testify under oath in the same case in a manner inconsistent with his subsequent materiality argument. In other words, the argument goes, we should wipe the slate clean of any tales previously told, and give the defendant another turn at the game. We reject such a "sporting theory of justice."... A trial is not a game of liar's poker.

Id. Like Starret, the defendant here testified at a pre-trial evidentiary hearing in a manner that eviscerates his coercion / duress defense. One cannot ignore such testimony when passing on whether the discovery sought is material under Brady, so as to give the defendant another chance to formulate his coercion defense, perhaps by relying upon specific instances of conduct of Brian Brown set forth in the pre-sentence report so as to make his defense appear more plausible to a jury. If the Court were to turn over information in the pre-sentence report, it would in effect allow the defendant to play "liar's poker", a result neither compelled by Brady or relevant case law.

    Accordingly, the United States respectfully requests that the Court accept the United States assessment of the lack of Brady material set forth in Exhibit A, or in the alternative defer such ruling to the trial judge who will have an opportunity to rule upon the viability of the defendant's proffered duress / coercion defense.

RESPECTFULLY SUBMITTED this 9th day of June, 2006 in Anchorage, Alaska.

                              DEBORAH M. SMITH
                              Acting United States Attorney

                              s/ Frank V. Russo
                              Assistant U.S. Attorney
                              Federal Building & U.S. Courthouse
                              222 West Seventh Avenue, #9, Room 253
                              Anchorage, Alaska  99513-7567
                              (907) 271-5071
                              (907) 271-1500 (fax)
                              Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing, was sent to Randall Cavanaugh, Esq. on June 9, 2006, via:

    (X) Electronic case filing notice

s/ Frank V. Russo_____