DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 649320

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:06-cr-0006-JWS-JDR |
| | ) |
| Plaintiff, | ) |
| | ) PROPOSED JURY |
| vs. | ) INSTRUCTIONS OF THE |
| | ) UNITED STATES |
| LONNIE L. WILSON, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

        The United States submits the following proposed jury instructions for

this case.  Unless otherwise indicated by reference to additional or separate

authorities, the United States relies upon the supporting authorities cited in the

source from which the specified instructions have been drawn.

The United States would also request that the court present a special verdict form for Count 1, the drug trafficking conspiracy. The United States would request that the court instruct the jury, if they find the defendant guilty of Count 1, to specify the quantity of cocaine base they found beyond a reasonable doubt to be the object of the conspiracy.

<u>Manual of Model Criminal Jury Instruction for the Ninth Circuit, 2000 Edition</u>

**Preliminary instructions**

1.1     Duty of Jury

1.2     The Charge - Presumption of Innocence

1.3     What is Not Evidence

1.4     What is Evidence

1.5     Evidence for Limited Purpose

1.6     Direct and Circumstantial Evidence

1.7     Ruling of Objections

1.8     Credibility of Witnesses

1.9     Conduct of the Jury

1.10    No Transcript Available to Jury

1.11    Taking Notes

1.12    Outline of Trial

**Instructions in the Course of Trial**

2.1          Cautionary Instruction - First Recess

2.2          Bench Conference and Recesses

2.4          Stipulations of Fact

2.5          Judicial Notice

2.10         Other Crimes, Wrongs, or Acts of Defendant

**Instructions at End of Case**

3.1          Duties of Jury to Find Facts and Follow Law

3.2          Charge Against Defendant Not Evidence, Presumption

             of Innocence, Burden of Proof

3.3          Defendant's Decision not to Testify

3.4          Defendant's Decision to Testify

3.5          Reasonable Doubt - Defined

3.6          What is Evidence

3.7          What is Not Evidence

3.8          Direct and Circumstantial Evidence

3.9          Credibility of Witnesses

3.10         Evidence of Other Acts of Defendants or Acts and

             Statements of Others

3.11          Activities Not Charged

3.18          Possession- defined

**Consideration of Particular Evidence**

4.1           Statements by Defendant

4.2           Silence in the Face of Accusation

4.3           Other Crimes, Wrongs, or Acts of Defendant

4.4           Character of Defendant

4.7           Character of Witness for Truthfulness

4.8           Impeachment Evidence- Witness

4.16          Opinion Evidence, Expert Witness

**Responsibility**

5.4           Specific Intent - General Intent

5.6           Knowingly - Defined

**Jury Deliberations**

7.1           Duty to Deliberate

7.2           Consideration of Evidence

7.3           Use of Notes

7.4           Jury Consideration of Punishment

7.5           Verdict Form

**Specific Offense Instructions**

8.16        Conspiracy

8.18        Conspiracy-Knowing of and Association with other

            Conspirators

9.13        Controlled Substance - Possession with Intent to Distribute

9.15        Controlled Substance - Distribution

5.1         Aiding and Abetting

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #1

LONNIE LEWIS WILSON, along with Donald Duray Brown, are charged in Count 1 of the indictment with conspiring to commit the following offense against the United States:

> To distribute or possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, commonly referred to as crack cocaine, in violation of Title 21 United States Code Sections 841(a)(1) and 841(b)(1)(B).

In order for the defendant to be found guilty of this conspiracy charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, beginning at some time on or about January 7, 2006, and ending on or about February 7, 2006, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and
>
> Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.
>
> I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.  For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy

exists.  The government is not required to prove that the defendant himself

personally did one of the overt acts.

9th Cir. Manual of Model Jury Instructions, Criminal § 8.16

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION #2</u>

<u>POSSESSION WITH INTENT TO DISTRIBUTE</u>

The defendant is charged in Count 2 of the indictment with possession of a mixture or substance containing a detectable amount of cocaine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly possessed cocaine; and

> Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was cocaine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

9th Cir. Manual of Model Jury Instructions, Criminal § 9.13

PLAINTIFF'S PROPOSED JURY INSTRUCTION #3

AIDING AND ABETTING DISTRIBUTION OF COCAINE BASE

The defendant is charged in Count 3 of the indictment with aiding and abetting the distribution of 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, or crack cocaine, in violation of Section 841(a)(1) of Title 21 of the United States Code.   The defendant is charged with aiding and abetting Donald Duray Brown sell crack cocaine between February 2 and 7, 2005.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Donald Brown or Lonnie Wilson  knowingly delivered cocaine base, or crack cocaine; and

Second, Donald Brown or Lonnie Wilson knew that it was cocaine base, or crack cocaine, or some other prohibited drug.

Third, the amount of the mixture or substance containing a detectable amount of cocaine base or crack cocaine, weighed 50 grams or more.

The defendant may be found guilty of this crime even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of distribution of crack cocaine, as outlined above, was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime;and

Third, the defendant acted before the crime was completed.


It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the distribution of crack cocaine. The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

RESPECTFULLY SUBMITTED this 10th day of July, 2006 in Anchorage,

Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to Randall Cavanaugh, Esq. on July 10, 2006, via:

        (X) Electronic case filing notice


s/ Frank V. Russo