Randall S. Cavanaugh
KALAMARIDES & LAMBERT
711 H Street, Suite 450
Anchorage, AK 9951
P: (907) 276-2135
F: (907- 278-8514
E:  randall@kalamarides.com

Attorney for Defendant Wilson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD DURAY BROWN, )<br>a/k/a "Donna Ray", and )<br>LONNIE LEWIS WILSON, )<br>)<br>Defendants. )<br>_____ ) | Case No. 3:06-cr-0006-02-JWS<br><br>**MEMORANDUM OF LAW IN**<br>**SUPPORT OF MOTION**<br>**TO REDUCE SENTENCE** |

**I.      ORIGINAL SENTENCE**

Mr. Wilson was charged in a conspiracy. Mr. Wilson was facing a greater amount of time, however he was safety valve eligible and met the requirements.  See Government's sentencing brief, page 8 of 10. He was sentenced to 87 months after pleading to Count I of the indictment.  The other charges were dismissed.  The sentencing memorandum of the government stated Mr. Wilson should be sentenced to 87 months.

Mr. Wilson started out in the bakery as a grade-4 baker. His initial job was to due as told, such as rolling dough and preparing for the baking. However, Mr. Wilson has demonstrated an aptitude for baking. He quicky has risen to the position of Grade-I baker (a supervisor and teacher of junior bakers). Mr. Wilson is the "lead man" at the bakery and supervises other inmates in their job duties. He is responsible to provide the bakery goods for approximately 500 inmates. Mr. Wilson has had no disciplinary actions. He has been attending classes (see attached copy of certificates).

II.     CHANGES IN THE LAW

At the time of sentencing, the crack guideline range was higher than at present. The original base offense level for Mr. Wilson's drug offense was level 32 with a three level acceptance of responsibility. This left him with an offense level of 29 with a criminal history category of I.

Now, in the aftermath of the crack amendment to the Sentencing Guidelines, the base level would be level **30**; with a three level reduction for acceptance of responsibility, the level would be 27 and a range of **70-87** months. At least, the court should resentence Mr. Wilson to 70 months.

However, the court should consider going lower since his wife's health has gotten worse. As the court remembers, she is disabled through M.S. Since Mr. Wilson was sentenced, the disease has progressed. She is having more problems with her hands and due to numbing. Mrs. Wilson is also suffering more frequent headaches.

### III.   AUTHORIZATION FOR MODIFICATION

This court has jurisdiction to modify Mr. Wilson's sentence now under the plain language of 18 U.S.C. § 3582(c) which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

Each of the predicate conditions conferring jurisdiction are met in this case. Mr. Wilson was sentenced in 2006 based on a guideline range that was lowered by the Sentencing Commission in November 2007. A reduction now is consistent with the policy statements recently issued by the Commission. The Sentencing Commission has determined that ameliorating the disparity between crack and powder cocaine should be made retroactive.

The Supreme Court's interpretation of the Sentencing Reform Act in <u>United States v. Booker</u>, 543 U.S. 220 (2005) applies to every component of the Act including Section 3582(c). Although <u>Booker</u> was presented as a constitutional case, the remedial portion of the opinion is one of statutory construction. As a matter of statutory construction, the Sentencing Reform Act only requires respectful consideration of the guideline ranges, but does not require adherence to the sentencing ranges or to policy statements. <u>Booker</u>, 543 U.S. at 262. <u>See also</u>, <u>Kimbrough v. United States</u>, 128 S.Ct. 558, 570-71 (2007) and <u>Gall v. United States</u>, 128 S.Ct. 586, 594 (2007).

The advisory nature of the guidelines applies to all aspects of the sentencing process including an initial sentencing, appellate review of a sentence and re-sentencing upon remand. <u>See</u>, <u>Clark v. Martinez</u>, 543 U.S. 371, 378 (2005).

## IV.  REQUEST FOR HEARING AND RE-SENTENCING

It is the defense position that the offense level of Mr. Wilson should be reduced from 32 to 30. The acceptance of responsibility would place him in the sentencing range of 70-87 months. Since the court originally considered Mr. Wilson worthy of the low end of the guidelines, his drug sentence now should be no greater than **70** months, and his drug sentence should be reduced **by at least 17 months**. The mandatory minimum sentence is not affected by the guideline changes.

The court at resentencing will consider the factors set forth in 18 U.S.C. § 3553(a). These factors also support a reduction in the drug sentence **to no more than 70 months**. Mr. Wilson, while in prison, has taken courses, and succeeded beyond our expectations. As the certificates attached to the motion attest.

At the time of sentencing, Mrs. Wilson brought letters to the courthouse, however, she did not furnish them ahead of time for electronic filing (see attached letters). In state court, the court often reviews the letters that are produced the same day. Counsel includes this letters with this filing. Mr. Wilson has maintained his contact with his wife and children. It is his expectation to be re-unify with them and be the best father and husband possible.

Mr. Wilson has demonstrated that he has been rehabilitated, and that the public safety will be served by a lower sentence than the appropriately reduced guideline range. The sentence of 70 months is, under 18 U.S.C. § 3553(a), "sufficient" for the statutory objectives, are "greater than necessary" for the purposes of 18 U.S.C. § 3553(a).

///

///

///

DATED this 20th day of May, 2008, at Anchorage, Alaska.

                                                    KALAMARIDES & LAMBERT
                                                   Attorneys for Defendant Wilson

By:    /s/ Randall S. Cavanaugh
       Randall S. Cavanaugh, ABA #8812215
       KALAMARIDES & LAMBERT
       711 H Street, Suite 450
       Anchorage, AK 9951
       P: (907) 276-2135
       F: (907- 278-8514
       E: randall@kalamarides.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies, pursuant to App. R. 513.5, that the font used in the aforementioned documents was Times New Roman 13 point. I further certify that a true and correct copy of the foregoing was served via **electronic mail** this 20th day of May, 2008, on:

Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513

   /s/ Randall S. Cavanaugh
    Kalamarides & Lambert

USA v. Lonnie Wilson
Case No. 3:06-cr-0006-02-JWS
Page 6