NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-5011
Email: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LONNIE LEWIS WILSON,<br><br>Defendant.<br>_____ | )  Case No.  3:06-cr-00006-JWS<br>)<br>)  GOVERNMENT'S POSITION ON<br>)  DEFENDANT'S MOTION FOR<br>)  REDUCTION OF SENTENCE<br>)  PURSUANT TO<br>)  18 U.S.C. § 3582(C)<br>)<br>)<br>)<br>) |

     Plaintiff United States of America, through its counsel of record, Assistant

United States Attorney Bryan Schroder, hereby files a partial opposition to

defendant Lonnie Lewis Wilson's motion for reduction of sentence pursuant to 18

U.S.C. § 3582(c).

In his motion, defendant relies on a recent retroactive amendment to the United States Sentencing Guidelines (U.S.S.G. or "Guidelines") which lowered the base offense levels applicable under U.S.S.G. § 2D1.1 to cocaine base ("crack") offenses.  This motion should be granted, and the defendant's sentence should be lowered to a term of imprisonment of no fewer than 70 months.  However, based on the circumstances of the offense, the defendant's claim for additional relief should be denied.

During the night of January 8, 2005, the defendant was intercepted at Anchorage International Airport as he disembarked a flight from Seattle.  After consenting to a search, he admitted he was transporting cocaine, and provided the substance to the law enforcement officers.  The substance was determined by the by a DEA laboratory to be 497.7 grams of cocaine.  Because the investigation was ongoing, the agents created a ruse by telling the defendant they had mishandled his stop, and that he was free to go.

One month later, on February 2, 2006, the defendant drove a co-conspirator to a meeting with a Confidential Informant (CI).  At the meeting, the co-conspirator sold the CI crack cocaine.  The DEA lab determined the substance to be 193.5 grams of cocaine base.

The defendant pled guilty to Count 1 of the indictment, drug conspiracy, under the terms of a plea agreement. Also as part of the plea agreement, the Government agreed to dismiss Counts 2 & 3 at sentencing, and recommend a sentence at the low end of the Guideline range.

Based on a drug equivalency calculation, which determined the cocaine to equivalent to 99.54 kilograms of marijuana, and the cocaine base to be equivalent to 3870 kilograms of marijuana, the defendant's base offense level was 34. He recieved a 2-level reduction for having a limited role, and a 3-level reduction for acceptance of responsibility. Thus, his total offense level was 29. Considering his criminal history level of I, the applicable Guideline range was 87-108 months.

Because the defendant met the criteria for the safety valve provisions of 18 U.S.C. § 3553(f)(1)-(5), the Court was able to sentence without regard to the mandatory minimum sentence of 10 years. The Court sentenced the defendant to 87 months. There was no appeal.

# I

## BACKGROUND ON THE RETROACTIVE GUIDELINE AMENDMENT

Section 3582(c)(2) provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the Sentencing Commission authorizes such a reduction:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Commission has identified the amendments that may be applied retroactively pursuant to this authority, and it has articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).  Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

(1)    <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be

---

[1]    Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."  A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  <u>See, e.g.</u>, <u>United States v. Cueto</u>, 9 F.3d 1438, 1440-41 (9th Cir. 1993); <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997).

consistent with this policy statement.

    (2)    <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

        (A)    none of the amendments listed in subsection (c) is applicable to the defendant; or

        (B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

    (3)    <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under Section 1B1.10(c), effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory

---

[2]    Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  See USSG, Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the entire range in Section 2D1.1 for a given quantity of crack above the applicable mandatory minimum sentence.  Under the amendment, the Commission set the offense levels so that the mandatory minimum sentence falls within the range for the quantity of crack that triggers that mandatory minimum penalty.  For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  The revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months, which encompasses the 60-month mandatory minimum.

The ultimate result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.

---

[3]  In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders.  However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

II

A REDUCTION IN SENTENCE IS WARRANTED

Defendant is correct that Amendment 706 reduced the guideline range applicable in his case, and therefore the Court may consider whether to reduce his sentence. Specifically, based upon a re-calculation of the cocaine base equivalency under the changed guidelines, the base offense level in this case is now 32, pursuant to amended Section 2D1.1; when combined with the other guideline applications made during the initial sentencing process, the total offense level is 27. At the established criminal history category of I, this would result in a sentencing range of 70-87 months. This is a reduction from the previously applied range of 87-108 months.

The government believes that this Court should exercise its discretion to reduce defendant's sentence to the newly calculated range. In accordance with our commitment in the plea agreement to recommend a sentence at the low end of the guideline range, the Government recommends a sentence of 70 months.

A. The Process of Considering a Section 3582(c)(2) Reduction

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in

Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, section 1B.10 creates discretion for a district court to reduce a sentence based on a retroactive change but does not require it to do so. See United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992) (section 1B1.10 "merely affords the sentencing court discretion" to make reduction but "does not mandate" it) (quotation omitted); see also, e.g., United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) ("[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary"); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994) United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993).

Accordingly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. Id. comment. (n.1(B)(I)); see also USSG § 1B1.10 comment. (backg'd) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed

sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." <u>Vautier</u>, 144 F.3d at 760. First, Section 1B1.10(b) directs the court to consider the new guideline range:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." <u>Vautier</u>, 144 F.3d at 760. Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors

//

listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[4]

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note

---

[4] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc).

In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), the court stated that it disagreed with the need for or utility of the two-step method. However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

US v. Wilson
3:06-cr-00006-JWS                    10

explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

B.  The Permissible Extent of the Section 3582(c)(2) Reduction

If this Court decides to reduce the sentence, the extent of the reduction is strictly limited.  Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced.  See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u).  The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence, which was not the case here), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)."  USSG § 1B1.10(b)(2)(A).  An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the

minimum term of imprisonment provided by the amended guideline range

determined under subsection (b)(1)."  USSG § 1B1.10 comment. (n.3).[5]  Thus, the

Court may not reduce the sentence below the range provided by the amended

guideline, and "in no case . . . shall the term of imprisonment be reduced below

time served."  USSG § 1B1.10 comment n.3.

C.  <u>A De Novo Resentencing is Not Appropriate</u>

Defendant contends that this Court should hold a de novo sentencing

hearing, and sentence the defendant below the Guidelines range. The Government

submits that this Court should exercise its discretion to decline to reduce the

sentence below the amended guideline range.

In 18 U.S.C. § 3582(c)(2), Congress created a "narrow exception to the rule

that final judgments are not to be modified."  <u>United States v. Armstrong</u>, 347 F.3d

905, 909 (11th Cir. 2003).  Section 3582(c)(2) permits a sentencing reduction

based on a retroactive guideline only "if such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission."  In the

---

[5] Application note 3 provides an example of this rule:

For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

Sentencing Reform Act, Congress specifically delegated to the Sentencing

Commission the authority to determine when, and to what extent, a sentencing

reduction is allowed. Under 28 U.S.C. § 994(u), when the Commission amends the

guidelines, the Commission "shall specify in what circumstances and by what

amounts the sentences of prisoners serving terms of imprisonment for the offense

may be reduced." 28 U.S.C. § 994(u). As the Supreme Court has explained, under

this provision, "Congress has granted the Commission the unusual and explicit

power to decide whether and to what extent its amendments reducing sentences

will be given retroactive effect." Braxton v. United States, 500 U.S. 344, 348

(1991) (citing § 994(u); emphasis omitted). Pursuant to this authority, the

Commission, employing its expertise, has authorized the retroactive application of

only a handful of the hundreds of guideline amendments adopted since 1987, and

its decision is binding -- if the Commission does not recognize an amendment as

retroactive, courts have no authority to rely on it to revisit a final sentence. United

States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993).

　　　　Consistent with the authority granted in 28 U.S.C. § 994(u), the Commission

recently has placed explicit limits on the extent of a sentencing reduction under

Section 3582(c)(2). USSG § 1B1.10(b)(1) directs that "[i]n determining whether,

and to what extent, a reduction in the defendant's term of imprisonment under 18

U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Section 1B1.10(b)(2) sets out specific limits on the extent of sentencing reductions, providing that, with one exception, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." USSG § 1B1.10(b)(2)(A). The sole exception is set forth in Section 1B1.10(b)(2)(B), which provides that if the defendant's "original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate."[6] USSG § 1B1.10(b)(2)(B); see id., comment. (n.3) (if defendant's original sentence represented downward departure of 20% below guideline range, reduction to term that is 20% below amended guideline range would be a "comparable reduction"). Thus, in the Commission's view, the

---

[6]    Section 1B1.10(b)(2)(B) further provides that if the defendant's original sentence "constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

extent of a sentencing reduction under Section 3582(c)(2) should be limited to the amended guideline range or a "comparabl[e]" reduction.

These judgments of the Sentencing Commission deserve respect. It is appropriate to abide by these restrictions, given that the Commission has properly determined that Section 3582(c)(2)'s exception to the general rule of finality in criminal litigation should extend only to application of the newly amended guideline, not to re-litigation of other aspects of the sentence. See USSG § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) "do not constitute a full resentencing of the defendant"). Adherence to the limits imposed by the Commission will also avoid disparity in sentencing among similarly situated defendants. See 18 U.S.C. § 3553(a)(6).

Accordingly, the government recommends that, consistent with the statutory scheme and the policy statements of the Sentencing Commission, the Court determine whether a reduction in the defendant's sentence is appropriate, and if so, that the Court reduce the sentence only within the limits imposed by the Sentencing Commission.

In this case, moreover, a further reduction is not warranted on the facts. The nature and circumstances of the offense argue against an additional reduction. The defendant was originally intercepted transporting cocaine from Seattle to

Anchorage.  At that point, he knew that law enforcement authorities were aware of his illegal activities.  Contrary to that knowledge, he continued to be involved in drug dealing, and it was after that initial contact with law enforcement officers that he participated in distributing the crack cocaine that was responsible for a large part of his sentence.  His failure to heed an obvious indication to stop his drug dealing was not rewarded with a below-Guideline sentence originally, and he should not be allowed to take advantage of this change to the Guidelines to seek additional reductions.

Moreover, cocaine and cocaine base continue to be an important problem within our society, and the defendant was involved in distributing significant amounts.  The amounts he admitted in his guilty plea, a half kilo of cocaine, and almost 200 grams of crack cocaine, would have been hundreds of doses.  He must be held appropriately accountable for that conduct.

### III

### CONCLUSION

For the reasons stated above, the government respectfully requests that the Court exercise it's discretion and grant a 2-level reduction to the defendant, and re-sentence him to 70 months imprisonment.  However, this process should not be used by the defendant to seek a rehearing in hopes of a below-Guidelines sentence

that was not granted at the time of the original sentencing.  Moreover, because of

the nature and circumstances of his offense, a reduction below the guidelines

amount is not appropriate.

      RESPECTFULLY SUBMITTED this 20th day of June, 2008, at Anchorage,

Alaska.

                      NELSON. P. COHEN
                      United States Attorney


                       s/Bryan Schroder
                      BRYAN SCHRODER
                      Assistant U.S. Attorney
                      Federal Building & U.S. Courthouse
                      222 West Seventh Avenue, #9, Room 253
                      Anchorage, Alaska  99513-7567
                      Phone: (907) 271-5071
                      Fax: (907) 271-1500
                      Email: bryan schroder@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to the following counsel of record on June 20, 2008, via:

        (X) Electronic case filing notice

Randall Cavanaugh, Esq.

s/ Bryan Schroder
Office of the U.S. Attorney